IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YIMOE NITYA SIDDHA,<br><br>    Plaintiff,<br><br>    v.<br><br>CIRCUIT COURT FOR CARROLL<br>  COUNTY COURT REPORTERS' OFFICE,<br>MICHAEL BURNS,<br>LISA BURNS,<br>ANTHONY G. BROWN,<br><br>    Defendants. | Civil Action No.:  JRR-23-3525 |

**MEMORANDUM OPINION**

On December 27, 2023, the Court received the civil rights complaint filed by self-represented Plaintiff Yimoe Nitya Siddha, a prisoner incarcerated in Maryland Correctional Institution Jessup ("MCIJ"). Siddha included Motions for Leave to Proceed in Forma Pauperis and to Appoint Counsel. ECF Nos. 2 and 3. For the reasons stated herein, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Siddha will be provided an opportunity to file an amended complaint or to withdraw the pending complaint without prejudice. Because Siddha will be required to submit an amended complaint as explained below, his pending motions shall be denied without prejudice.

Siddha alleges that his numerous attempts to obtain a copy of a transcript for his post-conviction hearing of October 19, 2022, have been unsuccessful and resulted in the dismissal of his appeal from the denial of post-conviction relief. ECF No. 1 at 6-13. He sought copies of the transcript from the Office of the Attorney General under Maryland's Public Information Act and also sought a copy of the transcript through the Circuit Court for Carroll County Court Reporter's

Office. In response to the request he made to the Office of the Attorney General, Siddha was told they did not have a copy of the transcript he sought and therefore could not provide it to him. ECF Nos. 1-4, 1-5. He was similarly advised by the Office of the Public Defender's Collateral Review Division. ECF No. 1-6. In response to his requests directed to the Court Reporter's office, Siddha was referred to Compuscribe, a private company that prepares court transcripts for the Carroll County court. ECF Nos. 1-2, 1-3. Siddha was advised of the cost for the transcript but was not satisfied with this response because he claims to be indigent due to his imprisonment. ECF No. 1 at 9-10. He is claiming that Defendants, which include two employees at Compuscribe, have denied him meaningful access to the courts in violation of his First Amendment rights. *Id*.

The Court Reporter's Office for the Circuit Court for Carroll County is not a proper Defendant for a lawsuit filed pursuant to 42 U.S.C. § 1983, which refers to a "person" engaging in conduct that violates the constitution or other laws of the United States. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). The Court Reporter's Office is not a person.

The two Defendants who work for Compuscribe, Michael and Lisa Burns, are not state actors and are also not properly named Defendants. Conduct amendable to suit under § 1983 must be conduct under "color of law" meaning the defendant is a State actor. *See Smith v. Montgomery*

*Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Defendants Michael and Lisa Burns did not act under color of law when they simply advised Siddha of the cost of the transcript he requested.

Even if any of the named Defendants had improperly refused Siddha's requests for the transcript he required for his appeal, he has failed to explain why his appeal was otherwise meritorious.  "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'"  *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355(1996)).  "The requirement that an inmate alleging a violation of *Bounds* [*v. Smith*, 430 U.S. 817, 821 (1977)] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches."  *Lewis*, 518 U.S. at 349.  Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts.  *Id*. at 399, *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

By separate order which follows, Siddha will be granted 28 days to file an amended complaint that names defendants who are individuals he alleges acted under color of State law to

3

deprive him of a constitutional right; describes the basis for his appeal of the post-conviction court's decision; and explains why the appeal was meritorious. Alternatively, Siddha may withdraw his pending complaint and pursue a claim in the State courts asserting a violation of State law. Siddha is advised that **failure to file an amended complaint within the time specified will result in the dismissal of this complaint without prejudice and without further notice**.

/S/

January 8, 2024

Julie R. Rubin
United States District Judge